UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARTHUR D. HOOKS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1446** |
| **SIDNEY H. CATES, ET AL.** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendant Judge Sidney H. Cates (Doc. #5) is **GRANTED**, and plaintiff's claims against him are **DISMISSED WITH PREJUDICE**.

### BACKGROUND

Plaintiff, Arthur D. Hooks, filed this action alleging various civil rights claims against Judge Sidney H. Cates of the Civil District Court, Parish of Orleans, State of Louisiana; Jason Giles, his former attorney; and Rachel A. Messe, an attorney with Hanover Insurance Group. Hooks alleges that on February 27, 2014 and June 13, 2014, he attempted to invoke his right to act as his own attorney in a case presumably pending before Judge Cates, and was denied that right. Judge Cates filed a motion to dismiss claiming absolute judicial immunity.

### ANALYSIS

A.   **Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant

is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

**B.     Judicial Immunity**

It has long been held that "[a] judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any action performed in his judicial role," even when such acts are in excess of his jurisdiction, and are alleged to have been performed maliciously or corruptly. Ammons v. Baldwin, 705 F.2d 1445, 1447 (5 th Cir. 1983) (internal citations omitted); Bradley v. Fischer, 80 U.S. (13 Wall.) 335, 351 (1871). The United States Supreme Court has explained:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery, and eventual trial.

Mireles v. Waco, 112 S.Ct. 286, 288 (1991). Further, judicial immunity is clearly applicable in cases, such as the instant one, brought pursuant to 42 U.S.C. §1983. Stump v. Steward, 98 S.Ct. 1099, 1104 (1978); Pierson v. Ray, 87 S.Ct. 1213, 1218 (1967). Therefore, to the extent Judge Cates was acting as a judge in his official capacity, he is entitled to judicial immunity from plaintiff's claims.

However, the Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, through judicial in nature, taken in the complete absence of jurisdiction.

Mireles, 112 S.Ct. at 288.

Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an action by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump, 98 S.Ct. at 1107.

More specifically, in determining whether a judge's actions were judicial in nature, the court should consider: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces, such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972)).

Hooks' allegations against Judge Cates are that Judge Cates on two occasions denied Hooks the right to represent himself in a case presumable pending before Judge Cates. This is a judicial function for which Judge Cates is entitled to absolute judicial immunity. Therefore, Judge Casts' motion to dismiss is GRANTED and Hooks' claims against him are DISMISSED WITH PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by defendant Judge Sidney H. Cates (Doc. #5) is **GRANTED**, and plaintiff's claims against him are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __6th__ day of August, 2014.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**